# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-KA-01737-COA

DAYLON WALDROP A/K/A DAYLON CARL WALDROP A/K/A DAYLON C. WALDROP                    APPELLANT

v.

STATE OF MISSISSIPPI                    APPELLEE

DATE OF JUDGMENT:                    10/19/2016
TRIAL JUDGE:                    HON. ROBERT B. HELFRICH
COURT FROM WHICH APPEALED:                    FORREST COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:                    OFFICE OF STATE PUBLIC DEFENDER
                    BY: MOLLIE MARIE MCMILLIN
ATTORNEY FOR APPELLEE:                    OFFICE OF THE ATTORNEY GENERAL
                    BY: JOSEPH SCOTT HEMLEBEN
DISTRICT ATTORNEY:                    PATRICIA A. THOMAS BURCHELL
NATURE OF THE CASE:                    CRIMINAL - FELONY
DISPOSITION:                    REVERSED AND REMANDED: 05/22/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE IRVING, P.J., WILSON AND TINDELL, JJ.**

**TINDELL, J., FOR THE COURT:**

¶1.    A Forrest County jury convicted Daylon Waldrop of capital murder with the underlying felony of armed robbery. *See* Miss. Code Ann. § 97-3-19(2)(e) (Rev. 2014). The Forrest County Circuit Court then sentenced Waldrop to life imprisonment without eligibility for parole. On appeal, Waldrop challenges (1) the circuit court's failure to instruct the jury on the elements of the underlying felony of armed robbery and (2) the admission of a recorded 911 call made after the crime.

¶2.    Upon review, we find Waldrop's first assignment of error dispositive. Neither party

disputes that the circuit court failed to instruct the jury on the elements of the underlying felony of armed robbery. Both parties further acknowledge that, in *Harrell v. State*, 134 So. 3d 266, 275 (¶30) (Miss. 2014), the Mississippi Supreme Court overruled its prior precedent and held that "it is always and in every case reversible error for the courts of Mississippi to deny an accused the right to have a jury decide guilt as to each and every element."[1] In light of *Harrell*, the circuit court's failure here to instruct the jury on the elements of the underlying felony of armed robbery warrants the reversal of Waldrop's capital-murder conviction. We therefore reverse his conviction and remand this case for a new trial.

**FACTS**

¶3.     On August 20, 2014, a Forrest County grand jury indicted Waldrop for capital murder during the commission of an armed robbery. The indictment charged the following:

> [Waldrop,] in Forrest County, Mississippi, on or about August 1, 2013, did then and there willfully, unlawfully[,] and feloniously, and with or without any design to effect . . . death, kill and murder Robert Williams, a human being, while in the commission of the crime and felony of [r]obbery with a deadly weapon . . . .

¶4.     At Waldrop's trial, prior to submitting the case to the jury, the circuit court instructed the jury as follows on the elements of capital murder:

---

[1] Prior to *Harrell*, the supreme court ruled in *Kolberg v. State*, 829 So. 2d 29, 50-51 (¶40) (Miss. 2002), that, consistent with United States Supreme Court precedent, a trial court's failure to instruct a jury on the elements of the underlying felony in a capital-murder trial was subject to harmless-error analysis rather than automatic reversal. In *Harrell*, however, the supreme court revisited—and ultimately reversed—its holding in *Kolberg*. *Harrell*, 134 So. 3d at 275 (¶30).

> Daylon Waldrop has been charged with the offense of capital murder. If you find from the evidence in this case beyond a reasonable doubt that:
>
> 1. On or about August 1, 2013[,] in Forrest County, Mississippi;
>
> 2. . . . Robert Williams was a human being;
>
> 3. . . . Daylon Waldrop[,] with or without any design to effect death[,] and without authority of law, . . . did kill Robert Williams;
>
> 4. While Daylon Waldrop was engaged in the commission of the crime of robbery, then you shall find the [D]efendant guilty as charged.

The circuit court gave no corresponding instruction on the elements of armed robbery.

¶5. After the jury convicted Waldrop of capital murder, the circuit court sentenced him to life imprisonment without eligibility for parole. Waldrop filed an unsuccessful motion for a new trial or, in the alternative, a judgment notwithstanding the verdict. Aggrieved, Waldrop appeals.

## DISCUSSION

¶6. On appeal, Waldrop argues the circuit court committed reversible error by failing to instruct the jury on all the essential elements of capital murder, including the elements of the underlying felony of armed robbery. Because this issue is dispositive, we decline to address Waldrop's remaining assignment of error.

¶7. Mississippi Code Annotated section 97-3-79 (Rev. 2014) defines armed robbery as the felonious "tak[ing] or attempt to take from the person or from the presence the personal

3

property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon . . . ." Thus, the essential elements of armed robbery include "(1) a felonious taking or attempt to take; (2) from the person or from the presence; (3) the personal property of another; (4) against his will; (5) by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon." *Lenoir v. State*, 224 So. 3d 85, 91 (¶19) (Miss. 2017) (quoting *Cowart v. State*, 178 So. 3d 651, 666 (¶42) (Miss. 2015)).

¶8. Although Waldrop neither objected at trial to the omission of an armed-robbery elements instruction nor submitted his own such instruction, his argument on appeal is not procedurally barred. Our supreme court has explicitly rejected the application of a procedural bar where "the trial court fails to instruct the jury on the elements of the underlying felony in a capital-murder trial." *Harrell*, 134 So. 3d at 270 (¶14). As the *Harrell* court explained, "the trial court is ultimately responsible for rendering proper guidance to the jury via appropriately given jury instructions, even sua sponte." *Id.*

¶9. In *Harrell*, a jury convicted Christopher Harrell of capital murder with the underlying felony of robbery and felon in possession of a firearm. *Id.* at 267 (¶1). In reversing Harrell's capital-murder conviction and remanding for a new trial, the supreme court explained that the circuit court's "failure to instruct the jury as to the elements of the charged crime deprived Harrell of due process in the form of his right to a jury trial as guaranteed by the Mississippi Constitution . . . ." *Id.* at (¶2). Because the present case is analogous to *Harrell*,

4

we hold the circuit court's denial of Waldrop's "right to have a jury decide guilt as to each and every element" of the charge against him constitutes reversible error. *See id.* at 275 (¶30).

## CONCLUSION

¶10. We therefore reverse Waldrop's capital-murder conviction and remand the case for a new trial.

¶11. **REVERSED AND REMANDED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**